A.  J.  McDERMOTT,  Appellant,  v.  PATRICK  MAHONEY, Appellee. '

**Action to Recover Commissions: EXCLUSION OF CERTAIN TESTIMONY:**
1  ERROR.   In an action to recover commissions for the sale of real estate, it is competent to show that the agent furnished a purchaser who was ready, able and willing to buy on the terms given the agent, and that the owner refused to sell, saying he would rather pay the commission than lose $5.00 per acre on the land.

**Objections to Testimony:  MOTIONS TO STRIKE:   SEPARATE RULING:**
2  DIRECTED VERDICT.   During the trial, objections to testimony and motions to strike were made and rulings thereon reserved until the close of the testimony, when, on consideration of the whole case the court directed a verdict; *held* error as parties are entitled to separate rulings on objections and motions.

**Directed Verdict:  ERROR.**   When an agent has authority to make
3  a sale at a stated price, and there is evidence that he found a purchaser able, ready and willing to buy at such price, the case should be submitted to the jury, and to direct a verdict is error.

*Appeal from Greene District Court.*—HON. S. M. ELWOOD, Judge.

THURSDAY, FEBRUARY 5, 1903.

ACTION at law to recover compensation for services in furnishing a purchaser for defendant's farm.   The district court directed a verdict for defendant, and plaintiff appeals.—*Reversed.*

*Rose & Henderson* for appellant.

*I. D. & R. G. Howard* and *Salinger & Korte* for appellee.

Weaver, J.—The defendant entered into a written agreement whereby he authorized plaintiff to sell within one year certain described lands at $35 per acre for a specified partial payment in cash and remainder in deferred payments, and as compensation for such services he further agreed to pay plaintiff $1 per acre and any excess realized over the price named. Plaintiff alleges that within a year he furnished a purchaser—one Cathcart—who was ready, able, and willing to take the land at $35 per acre, but defendant refused to convey except at an advanced price. He therefore asks to recover the agreed commission. Defendant admits giving plaintiff an agency to sell the land, but denies that plaintiff made any sale or furnished any purchaser upon the terms authorized. Other defenses are pleaded, but are not involved in this appeal.

I. Upon the trial plaintiff testified as a witness that he took the proposed purchaser to defendant, and that the latter, upon being informed that Cathcart would take the land at $35, said it was worth more, and refused to sell. Thereupon the plaintiff, claiming to have performed his agreement, said he would expect his commission, and defendant responded: "I am willing to pay your commission. I would rather pay you a dollar an acre commission than lose $5 an acre on the price of the land." On motion of the defendant, this answer was stricken out as irrelevant and immaterial. A similar ruling was made in reference to the testimony of Cathcart. These rulings were erroneous. Such statement was in the nature of a concession or admission that plaintiff had done his part under the contract, and that the only reason for defendant's refusal to convey was

*1. Exclusion of certain testimony: error.*

because he thought the land worth more than he had agreed to accept, and was therefore both relevant and material. Cathcart, as witness for plaintiff, was asked if, at the time plaintiff brought the parties together, he was ready and willing to buy the farm upon the terms mentioned in the contract of agency, and whether he so stated to Mr. Mahoney. To this defendant's counsel objected, as follows, "I object to eliciting what he said to Mr. Mahoney," and the objection was sustained. It should have been overruled. No reason for the objection is stated; and, indeed, it would seem very difficult to find one. That the purchaser was in fact ready and willing to take the land upon the terms given to plaintiff, and that defendant was so informed, were vital facts, which plaintiff was entitled to prove, if he could; and there was no more direct or appropriate method of proving them than was here offered.

II. Objections were made to certain other offered testimony, and motions to strike other testimony were submitted during the course of the trial. The questions 2. Objections to testimony: motions to strike; separate rulings: directed verdict. thus raised were pertinent and material, but the court reserved its rulings thereon, until at the close of the case, upon defendant's motion for a directed verdict, the order was entered, as dictated by the court, in the following words: "The court, on said motion as made and on its own motion, sustains said motion, and directs a verdict; and in doing so, there having been rulings reserved, the court now considers and determines all evidence on the part of the plaintiff which is competent, relevant, and material under the issues, and it does not consider any evidence which is not competent, relevant, and material, regardless of any prior rulings or objections. It only considers those that may have been made, whether or not they were in fact made as competent, relevant, and material, and does consider all evidence whether so made or not; and on said matter the court directs a verdict to be signed

for the defendant, and it is accordingly done." We think this method of disposing of the motions and objections is not allowable. The parties were entitled to have a record made upon each objection raised and each motion offered, and to know just what evidence offered was considered "competent, relevant, and material" by the court, and what part was rejected, and what, if any, "prior rulings" were disregarded. To sustain the ruling here complained of would leave the litigant without the possibility of obtaining a review upon appeal of any alleged error occurring in the trial court.

III. There was error, also, in directing a verdict for the defendant. It is not denied that plaintiff had authority to sell the land at $35 per acre. There was evidence, which, if credited by the jury, would justify a finding that plaintiff did find and present to the defendant a purchaser

3. DIRECTED able, ready, and willing to buy upon the auth-
verdict;
error. orized terms, and that the defendant refused to convey, for no other expressed reason than the alleged advance or increase in the value of the property. It was for the jury to say whether this was true, and whether the agreed compensation had been duly earned. There must be a new trial.

The judgment of the district court is REVERSED.